# United States District Court
## Middle District of Tennessee

---

**Katheryn M. Beasley**
*Deputy Clerk, Criminal Cases*

Office of the Clerk
800 United States Courthouse
Nashville, Tennessee 37203
(615) 736-7396

E-Mail: Katheryn_Beasley@tnmd.uscourts.gov
Web Site: www.tnmd.uscourts.gov

February 19, 2008

United States District Court Clerk
219 South Dearborn Street
Chicago, IL 60604

**FILED**
FEB 2 5 2008
2-25-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RE:   TRANSFER OF JURISDICTION
      USA v. ERDOGAN KURAP
      Northern District of Illinois Case No.:   08cr119
      Middle District of Tennessee Case No.:    3:91-00195

Dear Clerk:

   As your Court has accepted jurisdiction over the above-named defendant, enclosed are certified copies of pertinent documents. If additional documents are needed, please contact me.

                                Yours truly,

                                */s/ Katheryn M. Beasley*

                                Katheryn M. Beasley
                                Criminal Docketing Clerk

Enclosures

cc:   U.S. Marshal Service
      U.S. Probation Office
      Financial Litigation, USA's Office

WLD/db 9-27-91

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

UNITED STATES OF AMERICA )
)
v. ) NO. 3-91 00195
) 18 U.S.C. § 922(g)(1)
ERDOGAN KURAP )
)
)
)

**FILED**
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
OCT 16 1991
BY:
DEPUTY CLERK

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U. S. District Court
Middle District of Tennessee
By: Katheryn Beasley
Deputy Clerk

INDICTMENT

COUNT ONE

The Grand Jury charges:

On or about August 18, 1991, in the Middle District of Tennessee, ERDOGAN KURAP, being a person who had previously been convicted, in the State of Illinois, of a crime punishable by imprisonment for a term exceeding one year, did unlawfully and knowingly possess, in or affecting commerce, firearms, that is, a Mossberg 12 gauge shotgun and a Jennings semi-automatic pistol.

In violation of Title 18, United States Code, Section 922(g)(1).

TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

ATTEST AND CERTIFY:
A TRUE COPY
Clerk
U. S. District Court
Middle District of Tennessee
By: _____
Deputy Clerk

Case 1:08-cr-00119   Document 2   Filed 02/25/2008   Page 3 of 10

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet - Judgment in a Criminal Case

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U. S. District Court
Middle District of Tennessee
By: Kathleen Beasley
Deputy Clerk

# UNITED STATES DISTRICT COURT
## Middle District of Tennessee

UNITED STATES OF AMERICA

v.

Case Number CR 3:91-CR-00195

**ERDOGAN KURAP**
Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, ERDOGAN KURAP, was represented by Kevin E. Milner.

The defendant pleaded guilty to count(s) ONE. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 922(g)(1) | Felon in Possession of Firearm | 8/18/91 | 1 |

As pronounced on May 23, 1994, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50, for count(s) 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 25th day of May, 1994.

Thomas A. Higgins
United States District Judge

This document was entered on the docket in compliance with Rule 55, FRCrimP, on 5-27-94. By: ___

Defendant's SSAN:
Defendant's Date of
Defendant's mailing address: _____ ;0453
Defendant's mailing address: Montgomery County Jail; Clarksville, TN

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 4

Defendant: ERDOGAN KURAP
Case Number: CR 3:91-CR-00195

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 13 months to run consecutive to the present sentence the defendant is serving under an Illinois conviction.

The defendant is remanded to the custody of the United States Marshal.

The defendant was advised of his right to appeal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case 1:08-cr-00119   Document 2   Filed 02/25/2008   Page 5 of 10

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 4

Defendant: ERDOGAN KURAP
Case Number: CR 3:91-CR-00195

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall be prohibited from possessing firearms, ammunition, or other destructive devices.

4. The defendant shall submit to random urine screens as directed by the U.S. Probation Office. If test results are positive for illicit drug use, the defendant may be required to participate in a 30-day inpatient treatment program to be followed by up to 90 days' placement in a community correction center at the discretion of the U.S. Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE-CLOSED, TRJ-OUT

## U.S. District Court
## Middle District of Tennessee (Nashville)
## CRIMINAL DOCKET FOR CASE #: 3:91-cr-00195 All Defendants
### Internal Use Only

Case title: USA v. Kurap

Date Filed: 03/05/1998
Date Terminated: 05/23/1994

Assigned to: Chief Judge Todd J. Campbell

**Defendant**

**Erdogan Kurap (1)**
*TERMINATED: 05/23/1994*

ATTEST AND CERTIFY
**A TRUE COPY**
Clerk
U. S. District Court
Middle District of Tennessee
By: Kathryn Beasley
Deputy Clerk

**Pending Counts**                    **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**                 **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                        **Disposition**
None

---

**Plaintiff**
USA                          represented by  **Darryl Anthony Stewart**
                                             Office of the United States Attorney
                                             110 Ninth Avenue, S
                                             Suite A961
                                             Nashville, TN 37203-3870
                                             (615) 736-5151
                                             Email: darryl.stewart@usdoj.gov
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/23/1994 |  | (Court only) Docket Modification (Utility) case terminated (jb) (Entered: 03/05/1998) |
| 03/05/1998 |  | REMARK: This case is not automated on ICMS. (jb) (Entered: 03/05/1998) |
| 01/25/2008 | ● | (Court only) Case as to Erdogan Kurap reassigned to Judge Todd J. Campbell due to |

| | | |
|---|---|---|
| | | retirement of Judge Thomas A. Higgins. Request to transfer jurisdiction to Northern District of Illinois received from USPO. (as) (Entered: 01/25/2008) |
| 01/25/2008 | 1 | DOCKET ANNOTATION as to Erdogan Kurap: Copy of old docket sheet showing docket entries 1-32. (kb) (Entered: 01/29/2008) |
| 01/28/2008 | 33 | ORDER as to Erdogan Kurap: Transfer of Jurisdiction to Northern District of Illinois at Chicago upon that Court's acceptance of jurisdiction. Signed by Chief Judge Todd J. Campbell on 1/28/08. (kb) (Entered: 01/29/2008) |
| 01/30/2008 | 34 | Request for transfer of jurisdiction as to Erdogan Kurap sent to NDIL at Chicago. (kb) (Entered: 01/30/2008) |
| 02/13/2008 | 35 | Supervised Released Jurisdiction Transferred to Northern District of Illinois at Chicago as to Erdogan Kurap. (kb) (Entered: 02/19/2008) |
| 02/19/2008 | 36 | Certified copies sent to ND/IL as to Erdogan Kurap to effect transfer of jurisdiction. (kb) (Entered: 02/19/2008) |

**CRIMINAL DOCKET · U.S. District Court** — CLOSED

- PO ☑ 650  3  Assigned 5008
- Misd. ☐
- Felony ☑  District  Off  Judge/Magistr
- ☐ WRIT
- ☐ ALIAS
- ☐ OFFENSE ON INDEX CARD

U.S. vs. KUPAP, ERDOGAN (LAST, FIRST, MIDDLE)

Case Filed: Mo. 10 Day 16 Yr. 91
Docket No.: 3:91-00195
Def.: 1
No. of Def's: 1

### I. CHARGES

| U.S. TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | DISM. |
|---|---|---|---|
| 18:922(g)(1) | Felon in possession of firearm (Ct. 1) | 1 | |

### II. KEY DATES

- INTERVAL ONE — KEY DATE (EARLIEST OF): [blank]
  - ☐ arrest  ☐ sum'ns  ☐ custody  ☐ appears—on complaint
- END ONE AND/OR BEGIN TWO — KEY DATE (APPLICABLE): 10-16-91
  - ☒ Indictment filed/unsealed
  - ☐ consent to Magr. trial on complaint
  - ☐ Information
  - ☐ Felony W/waiver
- KEY DATE: 12-13-93
  - a) ☒ 1st appears on pending charge /R40
  - b) ☐ Receive file R20/21
  - c) ☐ Supsdg ☐ Ind ☐ Inf
  - d) ☐ Order New trial
  - e) ☐ Remand  f) ☐ G/P Withdrawn
- END INTERVAL TWO — KEY DATE (APPLICABLE): 2-4-94
  - ☐ Dismissal
  - ☒ Pled guilty ☐ After N.G.
  - ☐ Nolo ☐ After nolo
  - ☐ Trial (voir dire) began
  - ☐ Jury ☐ N.J.

| 1st appears with or waives counsel | ARRAIGNMENT | 1st Trial Ended | RE-TRIAL | 2nd Trial Began | DISPOSITION DATE | SENTENCE DATE | FINAL CHARGES DISMISSED |
|---|---|---|---|---|---|---|---|
| 12-22-93 | 12-22-93 | | | | 2-4-94 | 5-23-94 | ☐ PTD ☐ Nolle Pros. ☐ on S.T. ☐ on govt motion ☐ W.P. ☐ WOP |

### III. MAGISTRATE

- Search Warrant: Issued / Return [blank]
- Summons: Issued / Served [blank]
- Arrest Warrant Issued: 8-19-91
- COMPLAINT: 8-19-91
- Date of Arrest: [blank]
- INITIAL APPEARANCE DATE: [blank]
- PRELIMINARY EXAMINATION OR REMOVAL HEARING — Date Scheduled / Date Held: [blank]
- ☐ WAIVED  ☐ NOT WAIVED
- ☐ INTERVENING INDICTMENT
- Tape Number: [blank]
- OUTCOME: ☐ DISMISSED  ☐ HELD FOR GJ OR OTHER PROCEEDING IN THIS DISTRICT  ☐ HELD FOR GJ OR OTHER PROCEEDING IN DISTRICT BELOW

OFFENSE (In Complaint): 18:922(g)(1) Felon in possession of firearm

### IV. ATTORNEYS

U.S. Attorney or Asst.: Stewart
AUSA ~~Lee Doneke~~

Defense: 1 ☐ CJA  2 ☐ Ret.  3 ☐ Waived  4 ☐ Self.  5 ☒ Non/Other  6 ☐ PD  7 ☐ CD

RETAINED 12-22-93:
Kevin Milner
53 W Jackson Blvd.
Suite 1460
Chicago, IL  60604
(312) 362-0006

APPOINTED 12-13-93:
FPD *relieved 1-5-94*

### BAIL • RELEASE

PRE-INDICTMENT
- Release Date: [blank]
- Bail ☐ Denied  ☐ Fugitive  ☐ Pers. Rec.  ☐ PSA
- AMOUNT SET: $
- Conditions: ☐ 10% Dep.  ☐ Surety Bnd  ☐ Collateral  ☐ 3rd Prty  ☐ Other
- Bail Not Made
- Date Bond Made

POST-INDICTMENT
- *State of IL custody*
- Release Date: [blank]
- Bail ☐ Denied  ☐ Fugitive  ☐ Pers. Rec.  ☐ PSA
- AMOUNT SET: $
- Conditions: ☐ 10% Dep.  ☐ Surety Bnd  ☐ Collateral  ☐ 3rd Prty  ☐ Other
- Bail Not Made
- Date Bond Made

RULE: ☐ 20  ☐ 21  ☐ 40  In / Out

### FINE AND RESTITUTION PAYMENTS

| DATE | RECEIPT NUMBER | C.D. NUMBER | DATE | RECEIPT NUMBER | C.D. NUMBER |
|---|---|---|---|---|---|
| | | | | | |

Docket Entries Begin On Reverse Side

APPEALS FEE PAYMENTS

| DATE | Yr. Docket No. Def. | MASTER DOCKET - MULTIPLE DEFENDANT CASE  PAGE___ of ___<br>PROCEEDINGS DOCKET FOR SINGLE DEFENDANT | VI EXCLUDABLE DELAY |
|---|---|---|---|
| | 3:91-00195-2 | | Start Date / Ltr / Total Days |

V. PROCEEDINGS

| Date | # | Proceeding |
|---|---|---|
| 10-16-91 | 1 | CRIMINAL COMPLAINT No. 91-3177MS w/ supporting affidavit & warrant issued on 8-19-91. |
| 10-16-91 | 2 | INDICTMENT w/ warrant to USM. |
| 10-17-91 | | M/R on warrant on criminal complaint returned UNEXECUTED. Replaced by warrant on indictment. |
| 9-11-92 | 3 | ORDER: The Govt shall appear on 10-9-92 at 9:00 a.m. and show cause why this action should not be dismissed or closed administratively for failure to prosecute. (EOD 9-11-92) aeg |
| 10-9-92 | 4 | CLERK'S RESUME of 10-9-92: Show Cause Hearing held. Fugitive defenadnt. Will reset for new status hearing. OCR Garcia. aeg |
| 10-13-92 | 5 | ORDER: At the request of Govt, stated on record at hearing on 10-9-92, a further status conference will be held 11-19-92 at 1:00 p.m. to determine if action should be closed administratively. (EOD 10-14-92) aeg |
| 11-19-92 | 6 | CLERK'S RESUME of 11-19-92 Show Cause Hearing: Deft arrested in Turkey and being extradicted to USA. OCR Spence. aeg |
| 6-11-93 | 7 | ORDER TO PRODUCE: Deft to be brought from Menard Correctional Institution, Menard, Illinois, by 2:00 p.m. on 8-10-93, before Magistrate Sandidge. (EOD 6-14-93) aeg |
| 11-5-93 | 8 | ORDER TO PRODUCE: Deft to be brought from Menard Correctional Institution, Menard, IL, by 2:00 p.m. on 12-2-93. (EOD 11-8-93) aeg |
| 12-13-93 | 9 | M/R on Warrant issued 10-17-91: Deft arrested 12-13-93. aeg |
| 12-13-93 | 10 | MAGISTRATES RESUME of 12-13-93: Deft appeared without counsel for initial hearing on 12-13-93. Counsel appointed. Deft is currently serving a 30 year sentence in Illinois. |
| 12-13-93 | 11 | FINANCIAL AFFIDAVIT of Deft. aeg |
| 12-13-93 | 12 | ORDER by Magistrate Judge Sandidge appointing counsel for Deft. aeg |
| 12-13-93 | 13 | NOTICE: Arraignment set for 12-22-93 at 10:00 a.m. aeg |
| 12-22-93 | 14 | NOTICE OF APPEARANCE by Kevin Milner for deft. |
| 12-22-93 | 15 | MAGISTRATES RESUME: Deft appeared with retained counsel for Arraignment on 12-22-93. Retained counsel to file motion to relieve FPD as soon as possible. Deft entered plea of not guilty. aeg |
| 12-23-93 | 16 | STANDING DISCOVERY ORDER. aeg (ST 4-21-94) |
| 12-29-93 | 17 | ORDER: Trial set for 2-15-94 at 9:00 a.m. (EOD 12-30-93) aeg |

| | CRIMINAL DOCKET | U.S. vs | Erdogan Kurap | 3:91-00195-01 |
|---|---|---|---|---|
| | AO 256A | | | Yr. \| Docket No. |

| | DATE | PROCEEDINGS (continued) —(Document No.)— | V. EXCLUDABLE DEL (a) \| (b) \| (c) |
|---|---|---|---|
| (18) | 1-4-94 | MOTION by Kevin E. Milner to enter appearance for Deft and for AFPD to withdraw. aeg | |
| (19) | 1-5-94 | ORDER OF MAGISTRATE: Motion (#18) by Kevin E. Milner to be entered as attorney of record, and the Federal Public Defender be relieved SO ORDERED. (EOD 1-5-94) aeg | |
| (20) | 1-11-94 | NOTICE by Deft of Filing Motion (#21) to Continue. aeg | |
| (21) | 1-11-94 | MOTION by Deft to Continue Trial. aeg | |
| (22) | 1-13-94 | RESPONSE by Govt to Deft's Motion (#21) to Continue Trial. aeg | |
| (23) | 1-20-94 | ORDER: Motion (#21) by Deft to Continue Trial set for hearing on 2-4-94 at 11:00 a.m. The Deft shall attend the hearing. (EOD 1-21-94) aeg | |
| (24) | 2-4-94 | CLERKS RESUME of 2-4-94: Deft entered plea of guilty to Ct One. Plea agreement entered. Sentencing set for 4-22-94 at 1:30 p.m. OCR Spence. aeg | |
| (25) | 2-4-94 | PLEA AGREEMENT ORDER: Petition by Deft to Enter Plea of guilty accepted and entered effective 2-4-94. (EOD 2-8-94) aeg | ✓ |
| (26) | 2-4-94 | NOTICE: Sentencing set for 4-22-94 at 1:30 p.m. aeg | ✓ |
| (27) | 4-8-94 | RESPONSE by Govt to Presentence Report. aeg | |
| (28) | 4-18-94 | MOTION by Deft to Continue date of Sentencing. aeg | |
| (29) | 4-18-94 | RESPONSE by Deft to Presentence Report. aeg | |
| (30) | 4-19-94 | RESPONSE by Govt to Motion (#28) by Deft to Continue Sentencing Date. aeg | |
| (31) | 4-21-94 | ORDER: Motion (#28) by Deft to Continue Sentencing GRANTED. Reset for 5-23-94 at 1:30 p.m. There will be no further continuance of the setnencing date. (EOD 4-22-94) aeg | ✓ |
| (32) | 5-25-94 | J&C of 5-23-94: Plea of guilty to Ct 1. $50 special assessment. Imprisonment for 13 months, consecutive to sentence now serving in Illinois. Remanded to custody. Three years supervised release. Random drug screens; 30-day inpatient, 90-day CTC at discretion of USPO. (EOD 5-27-94) aeg | |